■ ROBERT MCHALE et al., Respondents, v MICHAEL K. ANTHONY et al., Appellants, et al., Defendant. [895 NYS2d 47]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 26, 2009, which, in an action for personal injuries sustained in an accident between plaintiffs the McHales's vehicle and a truck operated by defendant Anthony and leased to Anthony's employer, defendant Empire Beef Co. (collectively Empire), and allegedly owned by defendant Ryder Truck Rental, Inc., granted Empire's motion to dismiss the complaint and all cross claims as against it only to the extent of limiting any recovery by plaintiff Liberty Mutual Insurance Company on its subrogation claim to $725,000, unanimously affirmed, without costs.

We reject Empire's argument that the McHales's election of arbitration to resolve their claim for uninsured motorist benefits as against their insurer, Liberty, and the ultimate settlement of that claim, preclude their maintenance of this action against the alleged tortfeasors. *Roggio v Nationwide Mut. Ins. Co.* (66 NY2d 260 [1985]), relied on by Empire, held only that the denial of medical benefits in an arbitration award precluded the claimant from litigating in the courts his right to reimbursement for later medical bills arising out of the same accident. Furthermore, the settlement agreement shows that the McHales and Liberty intended that any future recovery by the Mc-

Hales in a subsequent action against a third party would be assigned to Liberty in an amount up to $725,000. The agreement contains no restrictions on future litigation against third parties or the amount of a future award, and it does not address issues of liability (*see Brink v Killeen*, 48 AD2d 823 [1975]).

Empire's claim that plaintiffs lack standing to maintain the action by virtue of the settlement with Liberty was not raised in their answer and therefore was waived (CPLR 3211 [e]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-243 [2007]); its claim of judicial estoppel is also unpreserved and without merit. Concur—Saxe, J.P., Catterson, DeGrasse and Abdus-Salaam, JJ.