LOUISE KRUGER, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Sued Herein as STATE FARM INSURANCE COMPANY, Respondent. [914 NYS2d 344]—

Rose, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered June 29, 2010 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured while driving a vehicle insured by defendant. Defendant initially paid no-fault insurance benefits for her chiropractic treatment, but ceased doing so after an independent medical examination found no further treatment to be necessary. Plaintiff nevertheless received further treatment and commenced this action to recover benefits in 2005. After joinder of issue and discovery, defendant moved for dismissal of the complaint, asserting for the first time that plaintiff had assigned her right to payment for no-fault benefits to her chiropractor and did not have standing to bring the present action. Supreme Court agreed that plaintiff lacked the capacity to sue and dismissed the complaint, and plaintiff appeals.

Defendant asserted that plaintiff lacked standing to maintain this action but, as that defense was not raised in a pre-answer motion to dismiss or in defendant's answer, it was waived and cannot now be advanced (see CPLR 3211 [a] [3]; [e]; *McHale v Anthony*, 70 AD3d 466, 467 [2010]; *Todaro v GEICO Gen. Ins. Co.*, 46 AD3d 1086, 1087 [2007]). Contrary to defendant's contention, the standing issue does not implicate the jurisdiction of Supreme Court such as to render it nonwaivable. Supreme Court is empowered to determine whether defendant is liable to pay no-fault benefits (see *Marangiello v Kamak*, 64 AD2d 624, 625 [1978]), and whether plaintiff is a proper person to pursue that claim "is an issue separate from the subject matter of the action or proceeding, and does not affect the court's power to entertain the case before it" (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 243 [2007]; see *Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092-1093 [2008]). Accordingly, defendant waived its right to assert lack of standing as an affirmative defense.

Peters, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.