■ TOWN OF PLATTEKILL, Respondent, v ACE MOTOCROSS, INC., et al., Appellants, et al., Defendant. [928 NYS2d 151]—

Mercure, J.P.

Defendant Ace Motocross, Inc. operates a commercial motocross racetrack on property owned by defendant Anthony Kalamucki Jr., and located in the Town of Plattekill, Ulster County. In 2005, plaintiff enacted chapter 110 of its Municipal Code which, as relevant here, prohibits the commercial use of land for the operation of off-road motorized vehicles (*see* Town of Plattekill Zoning Law § 110-54). Notably, the law includes a "grandfather" provision that allowed property owners who permitted such operations on their land to apply to plaintiff's Zoning Board of Appeals (hereinafter ZBA) within 90 days of the law's enactment for a determination that such use was a preexisting nonconforming use prior to February 18, 1987 (*see* Town of Plattekill Zoning Law § 110-54 [C] [2]). If so, the owner could receive authorization to continue the operations for up to 10 years (*see* Town of Plattekill Zoning Law § 110-54 [C] [2]). Although defendants contend that the racetrack has been in operation since before 1987, no application was made to the ZBA.

Beginning in 2006, plaintiff's Code Enforcement Officer began documenting defendants' continuing use of the property for

commercial motocross racing in violation of plaintiff's zoning law, and issued citations accordingly. When defendants did not cease their activity, plaintiff commenced this action seeking to permanently enjoin them from operating the racetrack. Defendants answered, asserting various affirmative defenses. Plaintiff moved for summary judgment, and Supreme Court partially granted the motion to the extent of dismissing the affirmative defenses.* Following discovery, plaintiff again moved for summary judgment, and defendants cross-moved to, among other things, amend their answer to include a counterclaim for a declaration that the racetrack is a preexisting nonconforming use and that defendants may continue to operate it for at least 10 years from the passage of the statute. Defendants also sought to renew their opposition to so much of plaintiff's prior summary judgment motion as sought dismissal of defendants' selective enforcement defense. Supreme Court denied defendants' cross motion in its entirety and granted summary judgment in plaintiff's favor, permanently enjoining defendants from operating a commercial motocross track or allowing any other commercial use in violation of the zoning law. Ace Motocross and Kalamucki appeal, and we affirm.

Initially, we find no abuse of discretion in Supreme Court's denial of defendants' cross motion to amend their answer, inasmuch as the proposed counterclaim is plainly lacking in merit (*see Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1289 [2009]; *Constellation Bank v Binghamton Plaza*, 237 AD2d 854, 855 [1997]). It is well settled that a municipality may enact a zoning law that eliminates prior nonconforming uses in a "reasonable fashion" (*Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561, 562 [2003]; *see Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 287 [1980]), such as by providing for an "amortization period" to allow a party to recoup expenditures by continuing the nonconforming use for a designated period of time (*see Village of Valatie v Smith*, 83 NY2d 396, 400 [1994]; *Matter of Cioppa v Apostol*, 301 AD2d 987, 989 [2003]). As noted above, plaintiff's zoning law includes such a provision (*see* Town of Plattkill Zoning Law § 110-54 [C] [2]), under which defendants could have applied to the ZBA for a determination of their status as a prior nonconforming use and authorization to continue operations for up to 10 years—the precise relief sought in their proposed counterclaim. Nevertheless, they did not do so. Having failed to avail themselves of this remedy, they are foreclosed

---

* In the interim, Supreme Court denied plaintiff's motion for a preliminary injunction.

from seeking such relief through the courts (*see Suffolk Outdoor Adv. Co. v Hulse*, 43 NY2d 483, 491 [1977], *appeal dismissed* 439 US 808 [1978]; *see also Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]).

The foregoing conclusion is also fatal to defendants' argument that Supreme Court should not have granted plaintiff summary judgment, inasmuch as that argument is premised entirely upon their ability to assert their counterclaim. Further, we disagree with defendants' contention that, upon renewal, Supreme Court should have reversed its prior decision dismissing their selective enforcement defense. Defendants' attempt to demonstrate that the Walden Playboys Motorcycle Club racetrack is a similarly situated entity is not persuasive, nor have defendants shown that plaintiff's application of its zoning law was affected by impermissible motive (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]; *Matter of Community Related Servs., Inc. v Carpenter-Palumbo*, 84 AD3d 1450, 1454-1455 [2011]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.