■ HSBC Bank USA, N.A., as Trustee for the Registered Holders of Renaissance Home Equity Loan Trust 2006-1, Respondent, v Robert T. Ashley et al., Appellants. [961 NYS2d 337]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lambert, J.), entered November 21, 2011 in Delaware County, which denied defendants' motion to, among other things, vacate a prior judgment of foreclosure and sale.

In 2006, defendants borrowed $383,500 from Delta Funding Corporation and executed a promissory note secured by a mortgage encumbering their real property. The mortgage instruments list Mortgage Electronic Registration Systems, Inc. as nominee of Delta Funding and its assignees. Plaintiff, as assignee of the mortgage, commenced this action against defendants in April 2009 after they defaulted on their mortgage payments. Although defendants' counsel filed a notice of appearance in the action, defendants failed to answer the complaint, and a judgment of foreclosure and sale was rendered against them in November 2009.

A foreclosure auction was thereafter canceled upon defendants' filing of a bankruptcy petition. In March 2011, following dismissal of the bankruptcy proceeding, defendants were mailed a notice of sale, informing them that their property would be sold at a public auction in May 2011. On the day before the auction, defendants moved to vacate the judgment of foreclosure and sale, and to dismiss the complaint or permit them to file an answer. Supreme Court denied the motion, prompting this appeal.

We affirm. Supreme Court properly exercised its discretion in denying defendants' motion pursuant to CPLR 5015 (a) (3) and (4) to vacate the judgment of foreclosure and sale.* Defendants assert that they were entitled to vacatur because, they maintain, plaintiff engaged in fraud by falsifying documents regarding assignment of the mortgage in order to make it appear as though it had standing to bring this action when it did not. Defendants waived their standing challenge, however, by failing to raise it in either an answer or a pre-answer motion to dismiss the

---

* Defendants have abandoned their argument that they were entitled to vacatur under CPLR 5015 (a) (1) by failing to raise the issue in their brief.

complaint (*see Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d 1519, 1520 [2010]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

Moreover, defendants have been aware of the foreclosure action since 2009, having appeared therein, but nonetheless failed to move for vacatur under CPLR 5015 (a) (3) within a reasonable time, and provided no excuse for the failure to exercise reasonable diligence in discovering the documentation that purportedly demonstrates fraud (*see Bank of N.Y. v Stradford*, 55 AD3d 765, 765-766 [2008]; *Rizzo v St. Lawrence Univ.*, 24 AD3d 983, 984 [2005]; *City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993 [1998]). Although a motion to vacate pursuant to CPLR 5015 (a) (4) based on lack of subject matter jurisdiction may be made at any time (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3 at 206; *see also State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1070 [2006], *lv dismissed* 8 NY3d 958 [2007]), defendants' assertion that they are entitled to proceed under that provision lacks merit inasmuch as a lack of standing does not implicate subject matter jurisdiction (*see Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d at 1520; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 243-244). Finally, Supreme Court did not abuse its discretion in denying defendants' motion for leave to serve a late answer given the absence of a reasonable excuse for the delay (*see* CPLR 3012 [d]; *Christiana Bank & Trust Co. v Eichler*, 94 AD3d 1170, 1171 [2012]; *333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1177 [2009]).

Defendants' remaining arguments have been considered and, to the extent that they are properly before us, found to be lacking in merit.

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.