Rose, J.P.
Appeal from an order of the Supreme Court (Melkonian, J.), entered December 20, 2012 in Ulster County, which, among other things, granted plaintiffs motion for summary judgment striking defendant Gregory Sage’s answer.
Plaintiff commenced this foreclosure action alleging that defendant Gregory Sage (hereinafter defendant) defaulted on a *1127 note secured by a mortgage on his real property. After joinder of issue and an extended period of time during which settlement conferences took place, plaintiff moved for summary judgment striking the answer and appointment of a referee. Defendant cross-moved for, among other things, leave to amend his answer to allege that plaintiff lacked standing to bring the action. Supreme Court granted plaintiffs motion and denied the cross motion. We now affirm.
In a foreclosure action, a mortgagee producing evidence of the mortgage, unpaid note and the mortgagor’s default will be entitled to summary judgment (see Phelps Corp. v Jones, 108 AD3d 814, 815 [2013]; Charter One Bank, FSB v Leone, 45 AD3d 958, 958 [2007]; HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]). Here, the mortgage had been pooled, securitized and transferred as part of a pooling and service agreement. Plaintiff submitted the mortgage, the note and allonge endorsing the note in blank, a redacted mortgage loan schedule identifying the loan as part of the pool of loans held in trust, excerpts from the pooling and service agreement, and the acceleration letter reflecting defendant’s default. Plaintiff established that the custodian of the trust had physical possession of the note and mortgage prior to the commencement of the action and that, as trustee, plaintiff was responsible for carrying out the terms of the trust. Contrary to defendant’s claim, the affidavit from an assistant vice-president of the mortgage servicing company was adequately based on a review of the books and records of the company maintained in the ordinary course of business, and the lack of personal knowledge as to the creation of the documents is not fatal (see CPLR 3212 [b]; 4518 [a]; Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Accordingly, plaintiff met its initial burden on the motion for summary judgment and the burden then shifted to defendant to come forward with competent and admissible evidence demonstrating the existence of a defense that properly could raise an issue of fact as to his default (see HSBC Bank USA v Merrill, 37 AD3d at 900; LaSalle Bank N.A. v Kosarovich, 31 AD3d 904, 905 [2006]).
In opposition to the motion, and in support of his cross motion to amend his answer, defendant alleged that plaintiff lacked standing to bring the action. Defendant waived the affirmative defense of standing, however, by virtue of his failure to raise it in a pre-answer motion to dismiss or in the answer (see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975-976 [2013], lv dismissed 21 NY3d 956 [2013]; Kruger v State Farm Mut. Auto. Ins. Co., 79 AD3d 1519, 1520 [2010]). Moreover, plaintiffs phys *1128 ical possession of the note and mortgage, through its custodian, for over two years prior to commencement of the action is sufficient to confer standing (see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [2011]; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d 911, 912 [2009]), regardless of whether a later written assignment of the mortgage may be a falsified document (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932 [2013]).
Defendant’s remaining allegations of fraud are general in nature and “do not provide the detailed and specific factual allegations of fraudulent conduct necessary to sustain such claims” (Wells Fargo Bank, N.A. v Wine, 90 AD3d at 1218, citing CPLR 3013, 3016 [b]). His further allegations regarding the creation of the allonge and whether he was in default are insufficient to raise an issue of fact inasmuch as they are unsupported by any evidence and, instead, contradicted by the record (see Chase Home Fin., LLC v Miciotta, 101 AD3d at 1308; Charter One Bank, FSB v Leone, 45 AD3d at 959). In light of defendant’s failure to raise an issue of fact, he has not shown that there is merit to his proposed amended answer and, therefore, we discern no abuse of discretion in the denial of his cross motion (see Town of Plattekill v Ace Motocross, Inc., 87 AD3d 788, 789 [2011]; Marotta v Hoy, 55 AD3d 1194, 1196 [2008]). We have considered defendant’s remaining contentions and find them to be similarly unavailing.
Stein, Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.