■ EMC MORTGAGE CORPORATION, Appellant, v MARIAN M. GASS, Respondent, et al., Defendant. [981 NYS2d 814]—

Egan Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 29, 2012 in Rensselaer County, which, upon renewal, granted defendant Marian M. Gass' motion to dismiss the complaint.

In early 2000, defendant Marian M. Gass (hereinafter defendant) executed a note and mortgage in favor of Option One Mortgage Corporation in the amount of $90,750 with respect to certain real property located in the City of Troy, Rensselaer County. Shortly thereafter, defendant defaulted on her obligations under the note, and Option One commenced an action to foreclose upon the property. During the pendency of that action, Option One twice assigned the note and mortgage to plaintiff. After defendant failed to answer or move to extend the time within which to do so, Supreme Court (Ceresia Jr., J.) amended the caption, found defendant to be in default and appointed a referee. Thereafter, in June 2004, plaintiff commenced a separate foreclosure action against defendant, and the two actions were consolidated in 2006.[1] Plaintiff's subsequent attempts to confirm the referee's reports were unsuccessful and—to date—it appears that no judgment of foreclosure has been entered.

1. Although not entirely clear from the record, it appears that the respective assignments of the underlying note and mortgage triggered the commencement of the second foreclosure action.

The underlying note and mortgage purportedly were purchased by Kondaur Capital Corporation in March 2010 and, in August 2011, defendant moved to dismiss the complaint contending, among other things, that plaintiff lacked standing to maintain the foreclosure action. Supreme Court (Lynch, J.) denied defendant's motion and directed the referee to submit a report on or before March 1, 2012. Thereafter, in May 2012, defendant again moved to dismiss the complaint for, among other things, lack of standing—this time relying upon a consent order entered into between plaintiff and the Board of Governors of the Federal Reserve System.[2] Supreme Court treated defendant's application as a motion to renew and, upon renewal, granted her motion and dismissed the underlying complaint, thereby effectively excusing defendant's default. This appeal by plaintiff ensued.

Assuming, without deciding, that defendant's second motion to dismiss did not violate the "one motion rule" (*see* CPLR 3211 [a] [3]; [e]) and otherwise was properly treated as a motion to renew (*see* CPLR 2221 [e]), we nonetheless are persuaded that defendant is not entitled to the requested relief. Prior to bringing her untimely motions to dismiss in August 2011 and May 2012 (*see* CPLR 320 [a]; 3211 [e], [f]), the record reflects that defendant made no attempt—in either the 11 years following service of the original summons and complaint or the seven years following service of plaintiff's summons and complaint—to serve an answer, nor did she request an extension of time within which to do so (*see* CPLR 2004, 3012 [d]; 3211 [e]). Although Supreme Court indeed is vested with "the discretion to permit late service of an answer upon a showing of a reasonable excuse for the delay and a meritorious defense to the complaint" (*Puchner v Nastke*, 91 AD3d 1261, 1261-1262 [2012]; *see Dinstber v Allstate Ins. Co.*, 75 AD3d 957, 957 [2010]), defendant did not seek such relief here. Rather, she brought two untimely motions to dismiss based upon plaintiff's asserted lack of standing—an affirmative defense that defendant clearly waived by failing to raise it in an answer or a timely pre-answer motion to dismiss (*see* CPLR 3211 [a] [3]; [e]; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013]; *Marcon Affiliates, Inc. v Ventra*, 112 AD3d 1095, 1095-1096 [2013]; *HSBC Bank USA, N.A. v Ashley*, 104 AD3d 975, 975-976 [2013], *lv dismissed* 21 NY3d 956 [2013]; *Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d 1519, 1520 [2010]; *HSBC Bank, USA v Dammond*, 59

---

**2.** The consent order is dated April 13, 2011, but defendant contended that she was unaware of the order at the time that she brought her initial motion to dismiss.

AD3d 679, 680 [2009]). Under these circumstances, defendant's motion to dismiss should have been denied (*see U.S. Bank N.A. v Gonzalez*, 99 AD3d 694, 694-695 [2012]; *Holubar v Holubar*, 89 AD3d 802, 802-803 [2011]; *McGee v Dunn*, 75 AD3d 624, 625 [2010]; *cf. 333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1177 [2009]). In light of this conclusion, we need not address the remaining arguments raised by plaintiff on appeal.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.