Peters, P.J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered February 13, 2013 in Washington County, which, among other things, denied a motion by defendants Stone Cast, Inc. and Mark Galvin to vacate a judgment of foreclosure.
In 2003, defendant Stone Cast, Inc. executed a note in favor of Central National Bank that was guaranteed by Stone Cast’s president, defendant Terry Karanikas, and secured by a mortgage on real property located in the Village of Fort Edward, Washington County. Plaintiff, an assignee of the mortgage, commenced this foreclosure action in November 2008 against, among others, Stone Cast, Karanikas and defendant Mark Galvin, who holds a subordinate mortgage on the subject property. After these defendants answered, plaintiff moved for summary judgment striking their answers and referring the matter to a referee to compute the amount due. Said defendants did not oppose the motion, which Supreme Court granted,[1] and a judgment of foreclosure was entered in May 2009. Two years later, Galvin and Stone Cast (hereinafter collectively referred to as defendants) moved to vacate the judgment of *1439 foreclosure and stay the sale pursuant to CPLR 5015 (a). In response, plaintiff moved for an award of counsel fees. Supreme Court denied the motion to vacate the judgment of foreclosure and awarded counsel fees to plaintiff. Defendants now appeal, and we affirm.
Supreme Court properly declined to vacate the judgment of foreclosure pursuant to CPLR 5015 (a) (4).[2] In seeking to vacate the judgment for lack of jurisdiction, defendants argue that plaintiff lacked standing to bring this foreclosure action inasmuch as it failed to establish that the note and mortgage had been validly assigned to it. Such standing challenge, however, was waived by defendants’ failure to raise it as an affirmative defense in their respective answers or in a pre-answer motion to dismiss (see HSBC Bank USA N.A. v Pacyna, 112 AD3d 1246, 1247 [2013]; Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095, 1095-1096 [2013]; HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975-976 [2013], lv dismissed 21 NY3d 956 [2013]). In any event, inasmuch as lack of standing does not implicate subject matter jurisdiction, it would not establish a basis for vacatur pursuant to CPLR 5015 (a) (4) (see Marcon Affiliates, Inc. v Ventra, 112 AD3d at 1096; HSBC Bank USA, N.A. v Ashley, 104 AD3d at 976).
Defendants’ additional contention that plaintiff failed to support its application for a default judgment with sufficient proof of the facts constituting its foreclosure claim, as required by CPLR 3215 (f), does not allege a jurisdictional defect that would render the judgment of foreclosure a nullity (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 202 [2013]; HSBC Bank USA N.A. v Pacyna, 112 AD3d at 1247).
Garry, Rose and Lynch, JJ., concur.
Ordered that the order is affirmed, with costs.

. Supreme Court also granted a default judgment in favor of plaintiff against the other named defendants, who did not appear.

. Although, in their motion, defendants advanced additional grounds upon which to vacate the judgment of foreclosure pursuant to CPLR 5015, they abandoned those arguments by failing to raise them in their brief (see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975 n [2013], lv dismissed 21 NY3d 956 [2013]).