Paulino v Paulino (2019 NY Slip Op 02430)





Paulino v Paulino


2019 NY Slip Op 02430


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8832 101927/11

[*1]Lois Paulino, Plaintiff-Appellant-Respondent,
v
Valerie Paulino, Defendant-Respondent-Appellant, City of New York, et al., Defendants.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant-respondent.
Goldberg, Miller & Rubin, New York (Harlan R. Schreiber of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered March 2, 2018, which, insofar as appealed from as limited by the briefs, granted defendant Valerie Paulino's (defendant) cross motion for summary judgment dismissing the cause of action for intentional infliction of emotional distress as against her, and denied defendant's cross motion as to the cause of action for wrongful eviction, unanimously modified, on the law, to deny the cross motion as to the cause of action for intentional infliction of emotional distress, and otherwise affirmed, without costs.
There is a triable issue of fact as to whether defendant's conduct was sufficiently outrageous to sustain a cause of action for intentional infliction of emotional distress, i.e., whether defendant engaged in "a deliberate and malicious campaign of harassment or intimidation" (Scollar v City of New York, 160 AD3d 140, 146 [1st Dept 2018] [internal quotation marks omitted]; see also 164 Mulberry St. Corp. v Columbia Univ., 4 AD3d 49, 56 [1st Dept 2004], lv dismissed 2 NY3d 793 [2004]; Vasarhelyi v New School for Social Research, 230 AD2d 658, 661 [1st Dept 1996]). An issue of fact also exists as to whether defendant abused her power (see Scollar, 160 AD3d at 146) by leading plaintiff to believe that she was going to use her position as an auxiliary police officer to get plaintiff thrown out of her home.
Although plaintiff mentions negligent infliction of emotional distress on appeal, the complaint does not assert such a cause of action as against defendant.
Defendant contends that plaintiff should be estopped from arguing that she is a New York resident based on a single federal tax return listing Florida as her residence. This argument is unpreserved, as neither defendant's answer and affirmative defenses nor her briefs on her motion mentioned estoppel or quasi-estoppel (see McHale v Anthony, 70 AD3d 466, 467 [1st Dept 2010]; Wolkstein v Morgenstern, 275 AD2d 635, 637 [1st Dept 2000]). Were we to reach the merits, we would reject the argument. The address as designated on a tax return is only one of many factors to consider in determining primary residency (Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [1st Dept 2004], affd 5 NY3d 388 [2005]). We note that, at her deposition, plaintiff explained that listing a Florida business address as her residence on the federal tax return was an accountant's error (see West 157th St. Assoc. v Sassoonian, 156 AD2d 137 [1st Dept 1989] [explanation sufficient to raise issue of fact in opposition to landlord's motion for summary judgment]). Moreover, plaintiff's New York State tax return listed the disputed New York City apartment as her permanent home address and listed the Florida business as a mere mailing address (see 310 E. 23rd LLC v Colvin, 41 AD3d 149 [1st Dept 2007] [evidence supported [*2]finding that New York City apartment was tenant's primary residence where upstate residence was specified as home in certain tax-related documents but New York State tax returns specified that tenant was a full-year resident of the City]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK