Police Benevolent Assn. of the N.Y. State Troopers, Inc. v James (2023 NY Slip Op 03740)

Police Benevolent Assn. of the N.Y. State Troopers, Inc. v James

2023 NY Slip Op 03740

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

535281
[*1]Police Benevolent Association of the New York State Troopers, Inc., et al., Appellants,
v
Letitia A. James, as Attorney General of the State of New York, Respondent.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Police Benevolent Association of the New York State Troopers, Inc., Albany (Daniel E. Strollo of counsel), for appellants.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered April 27, 2022 in Albany County, which, among other things, granted defendant's motion to dismiss the complaint.
Plaintiff Police Benevolent Association of the New York State Troopers, Inc. is the collective bargaining unit for certain members of the New York State Police. Plaintiffs commenced this action challenging Executive Law § 70-b, which, as relevant here, created the Office of Special Investigation (hereinafter OSI) within defendant's office. OSI has the authority to "investigate and, if warranted, prosecute any alleged criminal offense or offenses committed by a person, whether or not formally on duty, who is a police officer . . . or a peace officer . . . concerning any incident in which the death of a person, whether in custody or not, is caused by an act or omission of such police officer or peace officer in which the attorney general determines there is a question as to whether the death was in fact caused by an act or omission of such police office or peace officer" (Executive Law § 70-b [1]).
According to the complaint, an off-duty state trooper was driving his private vehicle when an oncoming vehicle crossed the center line of the highway and collided with the trooper's vehicle. As a consequence of this accident, the trooper sustained personal injuries and the driver of the oncoming vehicle died. While the trooper was in the hospital, an OSI investigator sought to question the trooper about the accident and requested that the trooper provide a blood sample. Plaintiffs sought injunctive relief to prohibit defendant from conducting investigations of state troopers' actions that have no reasonable relationship to law enforcement activities and a declaration that Executive Law § 70-b is unconstitutionally vague and violates a state trooper's equal protection rights. In a pre-answer motion, defendant sought dismissal of the complaint due to lack of standing, among other grounds. Supreme Court found, as relevant here, that plaintiffs lacked standing and, among other things, granted defendant's motion. Plaintiffs appeal.
At oral argument, counsel for defendant admitted, "quite candidly," that defendant's position has changed. Even though defendant prevailed on the issue of standing before Supreme Court, counsel, at oral argument, stated that defendant was no longer defending that position and conceded that plaintiffs have standing.[FN1] Defendant urges that we reach the merits of the complaint, but we decline to do so. Supreme Court never reached the merits in the first instance, the memoranda of law submitted in support of the pre-answer motion were limited to dismissal of the complaint under various subdivisions of CPLR 3211 and did not request a determination on the merits and the merits have not been fully briefed. Accordingly, the matter must be remitted so that defendant may interpose an answer.
Egan Jr., J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as granted defendant's motion; said motion denied; matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Lack of standing is an affirmative defense that may be waived (see Kruger v State Farm Mut. Auto. Ins. Co., 79 AD3d 1519, 1520 [3d Dept 2010]).