Police Benevolent Assn. of the N.Y. State Troopers, Inc. v James (2026 NY Slip Op 01425)

Police Benevolent Assn. of the N.Y. State Troopers, Inc. v James

2026 NY Slip Op 01425

Decided on March 12, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 12, 2026

CV-24-1056
[*1]Police Benevolent Association of the New York State Troopers, Inc., Appellant, et al., Plaintiff,
vLetitia A. James, as Attorney General of the State of New York, Respondent.

Calendar Date:January 7, 2026

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Daniel E. Strollo, Rochester, for appellant.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Christina Ryba, J.), entered June 3, 2024 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Executive Law § 70-b established the Office of Special Investigation (hereinafter OSI) within defendant's office to investigate and, if warranted, prosecute any alleged offense by a peace officer or police officer, whether or not formally on duty, which caused the death of a person. As relevant here, in July 2021, an off-duty state trooper was driving his private vehicle when another vehicle crossed over the center line of a highway and struck the trooper's vehicle head on. The trooper and a passenger were seriously injured and the driver of the other vehicle died.[FN1] Thereafter, plaintiffs commenced this action alleging, among other things, that Executive Law § 70-b is void for vagueness and overbreadth. Prior to joinder of issue, defendant moved to dismiss the complaint. Supreme Court granted defendant's motion for lack of standing. Upon appeal to this Court, defendant conceded that plaintiffs had standing and asked this Court to address the merits (218 AD3d 881 [3d Dept 2023]). This Court declined that request and remitted the case to allow defendant to serve an answer (id. at 882). After remittal and service of defendant's answer, defendant moved for summary judgment dismissing the complaint and requesting, among other things, a declaratory judgment in its favor that Executive Law § 70-b is not void for vagueness and overbreadth. Supreme Court granted defendant's motion for summary judgment, dismissed the complaint and issued a declaration finding, among other things, that Executive Law § 70-b is not unconstitutionally vague or overbroad. Plaintiff Police Benevolent Association of the New York State Troopers, Inc. (hereinafter the PBA) appeals.[FN2]
The PBA contends that Executive Law § 70-b is unconstitutionally vague and overbroad and asks this Court to reverse Supreme Court's determination. "It is well settled that legislative enactments are entitled to a strong presumption of constitutionality, and courts strike them down only as a last unavoidable result after every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and reconciliation has been found impossible" (White v Cuomo, 38 NY3d 209, 216 [2022] [internal quotation marks, brackets and citations omitted]). "To rebut that presumption, the party attempting to strike down a statute as facially unconstitutional bears the heavy burden of proving beyond a reasonable doubt that the statute is in conflict with the Constitution" (People v Viviani, 36 NY3d 564, 576 [2021] [internal quotation marks and citations omitted]; accord Stefanik v Hochul, 229 AD3d 79, 83 [3d Dept 2024], affd 43 NY3d 49 [2024]). "A statute, or a regulation, is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is [*2]prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d 56, 63-64 [2022] [internal quotation marks and citations omitted]; accord Matter of Town of Copake v New York State Off. of Renewable Energy Siting, 216 AD3d 93, 106 [3d Dept 2023], appeal dismissed 41 NY3d 990 [2024]). "In pursuing a facial challenge, the complaining party must carry the heavy burden of showing that the statute is impermissibly vague in all of its applications" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64-65 [internal quotation marks, brackets and citations omitted]; see Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d 417, 427 [2023]).
As relevant here, to ensure public confidence in investigations against police officers, the Legislature passed Executive Law § 70-b in 2020, which removed a potential conflict of interest between district attorneys and police officers by assigning the investigations to the office of the Attorney General. The statute at issue states that "[t]here shall be established within the office of the attorney general an office of special investigation. Notwithstanding any other provision of law, the office of special investigation shall investigate and, if warranted, prosecute any alleged criminal offense or offenses committed by a person, whether or not formally on duty, who is a police officer . . . or a peace officer[,] . . . concerning any incident in which the death of a person, whether in custody or not, is caused by an act or omission of such police officer or peace officer or in which the attorney general determines there is a question as to whether the death was in fact caused by an act or omission of such police officer or peace officer" (Executive Law § 70-b [1] [emphasis added]).
Contrary to plaintiff's contention, the Legislature's "failure" to define "formally on duty" does not itself render the law void for vagueness (see Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d at 427; accord Matter of R.M. v C.M., 226 AD3d 153, 163 [2d Dept 2024]). As Supreme Court pointed out, plaintiff's argument "is a red herring" given that "the authority granted by Executive Law § 70-b is conferred upon defendant 'whether or not' the [police or peace] officer is 'formally on duty,' [thus] it logically follows that defendant need not determine the formality of the [police or peace] officer's duty status in order to exercise its authority." Additionally, the statute is "sufficiently definite to provide notice to those regulated and to prevent arbitrary enforcement," especially given that the police or peace officer's duty status is irrelevant to OSI's jurisdiction (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d [*3]at 66; see Matter of R.M. v C.M., 226 AD3d at 163). As such, plaintiff has not met its heavy burden of demonstrating that the statute is unconstitutionally void on its face (see Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 66; Matter of Town of Copake v New York State Off. of Renewable Energy Siting, 216 AD3d at 106-107). Finally, plaintiff's conclusory assertion that Executive Law § 70-b is constitutionally overbroad lacks merit as it does not infringe on any constitutionally protected conduct (see People v Stuart, 100 NY2d 412, 422 n 8 [2003]; see generally Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 69 n 6; compare Board of Trustees of Vil. of Groton v Pirro, 152 AD3d 149, 157 [3d Dept 2017]).
Clark, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: After an initial investigation, OSI found that the underlying incident involving the death of the driver was not under the jurisdiction of defendant's office because the death of the other driver was not caused by a police officer.

Footnote 2: Although the PBA and plaintiff Thomas Mungeer, as president of the PBA, were represented by the same counsel, the notice of appeal is filed only on behalf of the PBA. The caption on the record on appeal and briefs also indicates that Mungeer is not participating in this appeal.