■ HSBC Bank USA, Respondent, v Robin R. Merrill, Appellant, et al., Defendant. [830 NYS2d 598]—

Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 11, 2005 in Franklin County, which,

inter alia, partially granted plaintiff's motion for summary judgment.

Plaintiff commenced this mortgage foreclosure action alleging that defendant Robin R. Merrill (hereinafter defendant) defaulted under four loans that plaintiff extended to him in connection with their business relationship. The first two loan instruments, each for $120,000, were executed in June 1999 to enable defendant to buy a dairy farm in Franklin County. Thereafter, defendant periodically requested funds from plaintiff to cover additional operating expenses. In December 2000, plaintiff issued a $54,000 optional advance time or demand note to defendant so that he could consolidate the accumulated debt from the periodic advances. In January 2001, after the Farm Service Agency (hereinafter FSA) issued defendant a guarantee, plaintiff again issued defendant a $47,000 variable interest time or demand note so that he could reduce the debt he owed under the $54,000 note. Upon encountering financial difficulties, defendant defaulted on these four loans.

In February 2002, plaintiff commenced the instant action. After a default judgment was entered, defendant successfully vacated that default and served an answer alleging conversion, fraud and forgery. Following discovery, plaintiff moved for summary judgment. Supreme Court permitted the mortgage foreclosure action to proceed regarding the two original $120,000 loans and the $54,000 grid note, dismissed defendant's counterclaims for conversion and fraud, yet severed the claim under the $47,000 note with defendant's fraud counterclaim.[1] Defendant appeals.

Entitlement to a judgment of foreclosure may be established, as a matter of law, where a mortgagee produces both the mortgage and unpaid note, together with evidence of the mortgagor's default, thereby shifting the burden to the mortgagor to demonstrate, through both competent and admissible evidence, any defense which could raise a question of fact (*see LaSalle Bank N.A. v Kosarovich*, 31 AD3d 904, 905 [2006]; *First Union Natl. Bank v Weston*, 261 AD2d 668, 669 [1999]). In our view, Supreme Court properly determined that plaintiff set forth a prima facie case establishing its entitlement to a judgment of foreclosure on each of the four notes. As to defendant's attempt to raise a triable issue with respect to the two $120,000 notes, defendant did not contest the accuracy of the reconciliation sheets demonstrating his default, only that plaintiff violated

---

1. The claim for amounts due under the $47,000 note was tried without a jury on September 12, 2005. This resulted in a judgment in favor of plaintiff for the balance due.

the FSA regulations. Inasmuch as the regulations are designed to protect the FSA's guarantee, not the borrower (*see generally* 7 CFR 762.105, 762.140, 762.149), and considering that these regulations do not create a private right of action for their violation (*see Lundstrum v Lyng*, 954 F2d 1142, 1145 [1991]), no triable issue was raised.[2]

Next addressing the $54,000 grid note, defendant's challenge to petitioner's proffer was a claim of conversion which we find to have been timely raised (*see* CPLR 203 [d]). Yet, it remained insufficient to undermine plaintiff's prima facie case since defendant admittedly received the benefit of the funds under the $54,000 grid note (*see generally Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]).

With respect to the $47,000 note, defendant did proffer sufficient evidence to raise a triable issue of fact as to whether his signature was forged in the course of procuring that note. As this counterclaim was not inextricably interwoven with his default on the other three debt instruments (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794 [2002]), severance of this claim was proper. Further considering defendant's waiver of his right to a jury trial upon the signing of the loan instruments (*see Barclays Bank of N.Y. v Heady Elec. Co.*, 174 AD2d 963, 964 [1991], *lv dismissed* 78 NY2d 1072 [1991]), as well as plaintiff's motion to strike defendant's note of issue wherein he made such demand (*see Fordham Univ. v Manufacturers Hanover Trust Co.*, 145 AD2d 332, 333 [1988]), we must recognize that a party is typically not entitled to a jury trial, as a matter of right in actions of this kind, even where, as here, the issue of fraud is raised (*see Jamaica Sav. Bank v M.S. Inv. Co.*, 274 NY 215, 223-224 [1937]; *R.C.P.S. Assoc. v Karam Devs.*, 213 AD2d 612, 613-614 [1995]; *April M's Enters. v Scott*, 178 AD2d 572, 573 [1991]).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** Defendant's failure to raise this defense in his answer does not constitute a waiver since it was asserted as a defense to plaintiff's summary judgment motion (*see Matter of People v Applied Card Sys., Inc.*, 27 AD3d 104, 109 n 3 [2005], *lv denied* 7 NY3d 741 [2006]).