■ CHARTER ONE BANK, FSB, Respondent, v JOSEPH D. LE-ONE, Defendant, and ROSE D. LEONE, Also Known as DEBORAH ROSE, Appellant. [845 NYS2d 513]—

Mugglin, J. Appeals from two orders of the Supreme Court (Work, J.), entered May 15, 2006 and June 15, 2006 in Ulster County, which, among other things, granted plaintiff's motion for summary judgment.

In this mortgage foreclosure action, defendant argues that Supreme Court's grant of summary judgment to plaintiff was inappropriate because (1) plaintiff failed to provide notice of acceleration of payments prior to commencement of the foreclosure action, (2) plaintiff did not establish a prima facie entitlement to summary judgment, and (3) issues of fact exist. We find each assertion to be without merit and affirm.

First, where, as here, a mortgage contains an acceleration clause in statutory form (see Real Property Law § 258 [schedule N]), neither notice of default nor demand for payment is a condition precedent to the commencement of a foreclosure action (see Hudson City Sav. Inst. v Burton, 88 AD2d 728, 729 [1982]), as plaintiff's act of commencing the action and the filing of a lis pendens constitutes a valid election to accelerate the maturity of the unpaid principal balance and accrued interest (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476 [1932]; Clayton Natl. v Guldi, 307 AD2d 982 [2003]).

Second, "[e]ntitlement to a judgment of foreclosure may be established, as a matter of law, where a mortgagee produces both the mortgage and unpaid note, together with evidence of the mortgagor's default, thereby shifting the burden to the mortgagor to demonstrate, through both competent and admissible evidence, any defense which could raise a question of fact"

(*HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007], *lv dismissed* 8 NY3d 967 [2007]; *see LaSalle Bank N.A. v Kosarovich*, 31 AD3d 904, 905 [2006]; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 794 [2002]; *United Cos. Lending Corp. v Hingos*, 283 AD2d 764, 765 [2001]; *Trustco Bank, Natl. Assn. v Labriola*, 246 AD2d 735, 735 [1998]). Here, plaintiff's submissions of the bond and mortgage and the affidavit of the vice-president of its default division established its prima facie entitlement to summary judgment. Defendant's assertion that the affidavit is hearsay because the affiant did not personally service defendant's account is unavailing in light of the affiant's unchallenged assertion of personal knowledge of defendant's default (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d at 794; *Trustco Bank, Natl. Assn. v Labriola*, 246 AD2d at 735).

Lastly, defendant has offered no competent evidence to establish that she made timely payments of principal and interest subsequent to the date of default or that plaintiff mismanaged her escrow account or that an accord and satisfaction was reached between these parties. Self-serving and conclusory allegations do not raise issues of fact (*see Rosen Auto Leasing, Inc. v Jacobs*, 9 AD3d 798, 799-800 [2004]) and do not require plaintiff to respond to alleged affirmative defenses which are based on such allegations. As no genuine issue of fact was established, Supreme Court properly granted summary judgment to plaintiff.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.