■ COMMUNITY BANK, N.A., Respondent, v HARUSUKE NAITO, Appellant, et al., Defendants. [987 NYS2d 260]—

Rose, J. Appeal from a judgment of the Supreme Court (Cerio Jr., J.), entered June 6, 2013 in Otsego County, which granted plaintiff's motion for summary judgment dismissing defendant Harusuke Naito's answer.

Defendant Harusuke Naito (hereinafter defendant) mortgaged his home in Otsego County to plaintiff's predecessor in interest in May 2000. In April 2011, plaintiff paid a long overdue tax bill for the property and notified defendant that he was in default of the mortgage agreement. Defendant was advised that the loan would be accelerated if he did not reimburse plaintiff for the amount paid in 30 days. Defendant failed to pay the requested amount, plaintiff accelerated the loan and it then commenced this action for foreclosure. After joinder of issue, Supreme Court granted plaintiff's motion for summary judgment dismissing defendant's answer and referred the matter to a referee to conduct a sale. Defendant now appeals.

Defendant does not dispute the amount of back taxes paid, but contends that plaintiff is not entitled to summary judgment

because its declaration of default and acceleration of the loan did not comply with the terms of the mortgage. We cannot agree. Defendant's argument ignores the plain language of the mortgage, which requires defendant to "pay all taxes . . . that may be imposed on the [p]roperty and that may be superior to [the mortgage]." The failure to do so gives plaintiff the right to "require[ ] immediate payment in full" and "take away all of [defendant's] remaining rights in the [p]roperty and have [it] sold." Plaintiff may then accelerate the loan by giving defendant notice of the default and at least 30 days from the date of the notice by which to correct it.

Plaintiff produced evidence of these terms of the mortgage and established its entitlement to summary judgment with proof that defendant failed to pay the overdue taxes and that it had mailed the notice of default to defendant as required by section 15 of the mortgage (see PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]; Charter One Bank, FSB v Leone, 45 AD3d 958, 958 [2007]). Defendant having failed to come forward with any competent or admissible evidence demonstrating the existence of any defense which could raise a triable issue of fact, Supreme Court properly granted the motion (see Charter One Bank, FSB v Leone, 45 AD3d at 959; HSBC Bank USA v Merrill, 37 AD3d 899, 900-901 [2007], lv dismissed 8 NY3d 967 [2007]).

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed, with costs.