*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    520642
_____

CITIBANK, NA, as Trustee
    for CD 2003-6,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

KENNETH ABRAMS, Also Known as
    KENNETH T. ABRAMS, et al.,
                        Appellants,
                        et al.,
                        Defendant.
_____

Calendar Date:   September 14, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

        Ronald J. Kim, Saratoga Springs, for appellants.

        Ballard Spahr LLP, New York City (Justin A. Angelo of
counsel), for respondent.

_____

Mulvey, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.),
entered August 14, 2014 in Saratoga County, which, among other
things, granted plaintiff's motion for summary judgment.

        In May 2003, defendants Kenneth Abrams and Madeline Abrams
(hereinafter collectively referred to as defendants) obtained a
mortgage loan from Fleet National Bank for their purchase of real
property in the City of Saratoga Springs, Saratoga County.

Defendants executed a note dated May 22, 2003 in the amount of $509,000 and agreed to repay the loan to the order of Fleet or to the note holder. To secure payment of the note, defendants executed a mortgage on the real property, also dated May 22, 2003, in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fleet and its successors and assigns. The mortgage was recorded on June 5, 2003 in the Saratoga County Clerk's office.

Defendants failed to make the payment due in June 2010 and any payments thereafter. Pursuant to an assignment of mortgage dated May 13, 2011, which was recorded in the Saratoga County Clerk's office on May 26, 2011, MERS assigned the mortgage to plaintiff as trustee. By an undated allonge to the note by special indorsement, it was transferred to plaintiff by Cendant Mortgage Corporation as authorized agent for Fleet. Pursuant to a limited power of attorney, plaintiff appointed PHH Mortgage Corporation as its attorney-in-fact and loan servicing agent, including with respect to defendants' mortgage loan. Plaintiff commenced this action to foreclose the mortgage on May 11, 2012. Following joinder of issue, plaintiff moved for summary judgment. Defendants answered and contested plaintiff's motion on the ground that plaintiff lacked standing and cross-moved for, among other things, an order dismissing the complaint or, in the alternative, striking the complaint due to plaintiff's failure to answer their discovery demands. Supreme Court denied defendants' cross motion and granted plaintiff's motion, finding that plaintiff established its entitlement to summary judgment as a matter of law. Defendants now appeal.

We affirm. First addressing defendants' cross motion to strike the complaint due to plaintiff's failure to respond to defendants' discovery requests, we note that even though Supreme Court granted defendants' request for an extension of time to respond to plaintiff's motion, at no point did defendants request an order of disclosure. As is relevant here, "[w]hile it is true that a motion for summary judgment may be opposed with the claim

that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party, a party's mere hope or speculation that evidence sufficient to defeat the motion may be uncovered during the discovery process is insufficient to postpone determination on the motion" (Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009] [internal quotation marks, brackets and citations omitted]; see CPLR 3212 [f]; Clochessy v Gagnon, 58 AD3d 1008, 1010 [2009]).  CPLR 3126 authorizes a court to fashion an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information that the court finds ought to have been disclosed (see CPLR 3126; CDR Créances S.A.S. v Cohen, 23 NY3d 307, 317-318 [2014]; Appler v Riverview Obstetrics & Gynecology, P.C., 9 AD3d 577, 578 [2004]).  Here, defendants failed to obtain an order of disclosure and failed to demonstrate that plaintiff willfully failed to obey an order to disclose information that the court determined ought to have been disclosed.  As such, defendants were not entitled to have the complaint stricken on this basis (see CPLR 3126; CDR Créances S.A.S. v Cohen, 23 NY3d at 317; Appler v Riverview Obstetrics & Gynecology, P.C., 9 AD3d at 578).

A plaintiff establishes its entitlement to summary judgment in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of default in payments (see PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]; Charter One Bank, FSB v Leone, 45 AD3d 958, 958 [2007]; HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]).  "Where, as here, the issue of standing is raised as an affirmative defense, the plaintiff must also prove its standing in order to be entitled to relief" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015] [citations omitted]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]).  It is well settled that "plaintiff has standing in a mortgage foreclosure action where it is both the holder or assignee of the subject mortgage and the holder or

assignee of the underlying note at the time the action is commenced" (Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]; see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (Bank of Am., N.A. v Kyle, 129 AD3d at 1169 [internal quotation marks and citations omitted]; see Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [2015]). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). Once a plaintiff demonstrates its status as a holder, the burden then shifts to the defendant to demonstrate, by competent and admissible proof, that a defense exists so to raise a question of fact as to his or her default (see PHH Mtge. Corp. v Davis, 111 AD3d at 1111; Charter One Bank, FSB v Leone, 45 AD3d at 958; HSBC Bank USA v Merrill, 37 AD3d at 900).

Plaintiff's motion for summary judgment included, among other things, the affidavit of Felicia Polk, the assistant vice-president of PHH. Polk averred that the note and mortgage were transferred to plaintiff as trustee, and that the transfer "was memorialized by the delivery and endorsement of the underlying [n]ote and by an [a]ssignment of [m]ortgage." We note that, here, plaintiff possessed the note that, by allonge, contained an indorsement specifically payable to it (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). Thus, Polk's affidavit, coupled with the complaint's definitive statement in Schedule D — wherein it specifies that the note was indorsed by the original lender or its agent and was delivered to plaintiff prior to the commencement of this action — adequately demonstrates that plaintiff had physical possession as holder of the note at the relevant time (compare Bank of Am., N.A. v Kyle, 129 AD3d at 1169; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376-1377).

Polk's affidavit also established that the default amount due on the note and mortgage as of January 13, 2014 was $648,193.18. Plaintiff's documentary proof and proof by affidavit established its standing, as a matter of law, in that it was the holder of both the subject mortgage and the underlying note at the time that the action was commenced (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739). Thus, as plaintiff's motion was supported by the required documentation, the burden shifted to defendants to establish the existence of a viable defense to their alleged default (see PHH Mtge. Corp. v Davis, 111 AD3d at 1111; HSBC Bank USA v Merrill, 37 AD3d at 900; Charter One Bank, FSB v Leone, 45 AD3d at 958-959).

Defendants argue that Polk's affidavit should be disregarded for a myriad of reasons, including their contention that Polk lacked any personal knowledge of the note, the mortgage or other records referred to in her affidavit, and, therefore, her affidavit should not have been considered by Supreme Court. We disagree. In her affidavit, Polk averred that she had "personal knowledge of the facts" but conceded that "the source of [her] knowledge is [her] review of the books and records of said agent of [p]laintiff and [her] own knowledge of the account records regarding the delinquent account of [d]efendant[s]." That Polk had personal knowledge of the account records is not pertinent to the standing issue. As to possession, Polk conceded that her knowledge was based on a records review – which does not constitute personal knowledge of the operative facts. That said, it was not necessary for Polk to have personal knowledge as to the creation of the original loan documents (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Moreover, as a representative of the servicing agent, Polk was entitled to rely on the loan records in addressing the issue of possession, as CPLR 4518 (a) does not require a person to have personal knowledge, and defendants have failed to offer any proof that Polk lacked the requisite knowledge necessary to proffer her affidavit as proof

of the facts stated therein.  Given Polk's agency status as assistant vice-president of PHH, the records qualify as business records (see CPLR 4518 [a]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739).

Defendants also argue that Polk's affidavit should be disregarded because it is a fill-in-the-blank document, which allegedly creates a genuine issue of material fact whether the document was executed by Polk after reading the affidavit and verified its contents.  The record is absent of any scintilla of proof to support defendants' allegations.  The argument that there is a genuine issue of material fact whether Polk read the affidavit prior to its execution and verified its contents as truthful is merely surmise and conjecture, as plaintiff contends.  "Motions for summary judgment may not be defeated merely by surmise, conjecture or suspicion" (Shaw v Time-Life Records, 38 NY2d 201, 207 [1975] [citations omitted]; see Naylor v Ceag Elec. Corp., 158 AD2d 760, 762 [1990]).  Self-serving and conclusory allegations do not raise issues of fact and do not require plaintiff to respond to such allegations (see Charter one Bank, FSB v Leone, 45 AD3d at 959).  Here, Polk's sworn, notarized affidavit expressly contains the phrase "being duly sworn."  Her affidavit stated that she had been duly sworn before a notary public and the affidavit was notarized.  As such, defendants' argument is without merit (see CPLR 2309 [b]; Collins v AA Truck Renting Corp., 209 AD2d 363, 363 [1994]).  We have examined defendants' remaining arguments in opposition to plaintiff's motion for summary judgment and find them to be without merit.

McCarthy, J.P., Lynch, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court