Mulvey, J.
 

 Appeals (1) from an order of the Supreme Court (Chauvin, J.), entered February 25, 2015 in Saratoga County, which conditionally granted plaintiff’s motion for summary judgment, and (2) from an order of said court, entered April 1, 2015 in Saratoga County, which, among other things, granted plaintiff’s motion for summary judgment.
 

 On August 8, 2007, defendants Louis Verderose and Janis Verderose (hereinafter collectively referred to as the Verderoses) executed an adjustable rate note in the amount of $360,000 in favor of BankUnited, FSB. The note was secured by a mortgage on real property located in the City of Saratoga Springs, Saratoga County, which mortgage was thereafter recorded in the Saratoga County Clerk’s office. In August 2009, the Verderoses defaulted in making the payments due on August 1, 2009 and thereafter, and then deeded the property to defendant Tazewell, LLC and that deed was also recorded in the County Clerk’s office. The mortgage was assigned to plaintiff by an assignment of mortgage recorded in the County Clerk’s office on October 23, 2012. Plaintiff commenced this mortgage foreclosure action on April 16, 2013. Defendants answered asserting several affirmative defenses, including plaintiff’s lack of standing, and interposed a counterclaim. Plaintiff then moved for summary judgment and the Verderoses cross-moved for dismissal of the complaint. By order entered February 25, 2015, Supreme Court, among other things, denied the Verdero-ses’ cross motion, dismissed the counterclaim and otherwise granted plaintiff’s motion for summary judgment contingent upon the filing of proof that plaintiff complied with the requirements of RPAPL 1306. After plaintiff filed proof of compliance with that contingency, Supreme Court issued an order entered April 1, 2015, which, among other things, granted plaintiff summary judgment. The Venderoses now appeal both orders and Tazewell only appeals the second order.
 

 Preliminarily, we note that although the Verderoses filed a notice of appeal on April 1, 2015, and an amended notice of appeal on April 3, 2015, and despite receiving extensions to perfect the appeal (2016 NY Slip Op 76259 [U]; 2016 NY Slip Op 67577[U]), they failed to timely perfect their appeal from Supreme Court’s first order. Accordingly, their appeal from that order is deemed abandoned (see 22 NYCRR 800.12; Matter of Sawhorse Lbr. & More v Amell, 2 AD3d 1082, 1083 [2003]). Also, by failing to address the dismissal of their counterclaim in their brief, the Verderoses are deemed to have abandoned any appeal with respect thereto (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 787 n 4 [2016]; Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 [2015]).
 

 Turning to the merits of the second order, defendants argue that Supreme Court erred in granting summary judgment since plaintiff failed to prove that it had standing to commence the foreclosure action. We disagree. “A plaintiff establishes its entitlement to summary judgment in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of default in payments” (Citibank, NA v Abrams, 144 AD3d 1212, 1214 [2016] [citations omitted]; see PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]). Where, as here, defendants raise the issue of standing as an affirmative defense, plaintiff must establish its standing (see Citibank, NA v Abrams, 144 AD3d at 1214; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). To that end, “a plaintiff has standing in a mortgage foreclosure action where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015] [internal quotation marks, brackets and citations omitted]). With respect to the note, “[e]i-ther a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation” (Bank of Am., N.A. v Kyle, 129 AD3d at 1169 [internal quotation marks and citations omitted]).
 

 In support of its motion for summary judgment, plaintiff submitted the affidavit of Caitlin DeWeese, its vice-president, who averred that she had reviewed plaintiff’s business records and that plaintiff, directly or through its agent, was in possession of the original note at the time the complaint was filed. Her affidavit also included a copy of the unpaid note with an endorsement in blank by the original lender, a copy of the mortgage and details of the default by the Verderoses in payment of the note. In its complaint, plaintiff alleged that it was the current owner and holder of the note and mortgage and, in a schedule attached to the complaint, detailed the assignment of the mortgage to it, and the endorsement and delivery of the note to it prior to the commencement of this foreclosure action (see JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270-1271 [2017]). Consequently, plaintiff established both its standing and its prima facie entitlement to summary judgment (see HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1401 [2017]; Citibank, NA v Abrams, 144 AD3d at 1214-1215; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738).
 

 Given that plaintiff’s motion was supported by the required documentation, the burden shifted to defendants to establish, through competent and admissible evidence, the existence of a viable defense to their alleged default or a material issue of fact (see PHH Mtge. Corp. v Davis, 111 AD3d at 1111; Charter One Bank, FSB v Leone, 45 AD3d 958, 958 [2007]). In opposition to the motion, the Verderoses contend, in identical affidavits, that the DeWeese affidavit is inadequate to establish possession of the note. However, the Verderose affidavits contain entirely “[s] elf-serving and conclusory allegations [which] do not raise issues of fact” (Charter One Bank, FSB v Leone, 45 AD3d at 959). Defendants have thereby failed “to demonstrate by competent and admissible proof that a defense existed so as to raise a question of fact” (PHH Mtge. Corp. v Davis, 111 AD3d at 1111; see HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]). First, there is no genuine factual dispute that plaintiff is the holder of the mortgage, as a written assignment recorded in the public records established the assignment of the mortgage to plaintiff. Next, with respect to the note, the affidavit from an officer of plaintiff who avers that plaintiff was in possession of the original note prior to the commencement of this action was uncontroverted (see U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1222 [2016]). As defendants have failed to raise any viable defense to this foreclosure action, and in the absence of a material issue of fact, Supreme Court properly granted plaintiff’s motion for summary judgment (see HSBC Bank USA, N.A. v Szoffer, 149 AD3d at 1402; U.S. Bank N.A. v Carnivale, 138 AD3d at 1222).
 

 McCarthy, J.P., Garry, Clark and Rumsey, JJ., concur.
 

 Ordered that the appeal from the order entered February 25, 2015 is dismissed.
 

 Ordered that the order entered April 1, 2015 is affirmed, with costs.