Devine, J.
 

 Appeal from an amended order of the Supreme Court (Melkonian, J.), entered August 24, 2015 in Rensselaer County, which, among other things, granted plaintiff’s motion for summary judgment.
 

 Defendants Clyde Varian and Rosemary Varian (hereinafter collectively referred to as defendants) executed a note in favor of Decision One Mortgage Company, LLC in November 2005. The note was secured by a mortgage on real property in the Town of Schodack, Rensselaer County. Defendants do not dispute that they went into default on the note and mortgage when they failed to make required payments. Plaintiff, alleging that it was the holder of the note and the assignee of the mortgage, commenced this mortgage foreclosure action against defendants and others in 2014. Defendants answered and asserted a number of affirmative defenses, including that plaintiff lacked standing to commence the action.
 

 Plaintiff moved for summary judgment striking defendants’ answer and the appointment of a referee to compute the monies due to it. Supreme Court granted the motion after determining, as is relevant here, that no questions of fact existed with regard to plaintiff’s standing to bring suit. Defendants appeal, and we affirm.
 

 Plaintiff provided the mortgage and unpaid note, as well as proof of defendants’ default in payment, which would ordinarily suffice to establish its entitlement to summary judgment in a mortgage foreclosure action (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]; HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1400 [2017]). As defendants raised the affirmative defense that plaintiff lacked standing to commence the action, however, plaintiff was further obliged to “demonstrate that, at the time that the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note” (Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1506 [2017]; see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d at 1199-1200). A plaintiff is the holder of “a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to [plaintiff’s] order” (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1342 [2017]). Inasmuch as the note is the “dispositive instrument that conveys standing to foreclose,” once it “is transferred, . . . The mortgage passes as an incident to’ ” it, even if a disparity exists between the holder of the note and the mortgagee of record (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015], quoting Bank of N.Y. v Silverberg, 86 AD3d 274, 280 [2011]; see Bank of N.Y. Mellon v Cronin, 151 AD3d at 1506).
 

 In that regard, plaintiffs counsel averred that his firm had been in possession of the note and accompanying allonges at the time the action was commenced and afterward. Another affidavit, by a default service officer employed by plaintiff’s attorney-in-fact and servicer, detailed the history of the note, its subsequent transfers by allonge and the placement of the note and allonges into counsel’s possession as a prelude to commencing the present action. A copy of the note and allonges was attached to the motion papers, with the next to last al-longe specifically indorsed to plaintiff and the last allonge indorsed by plaintiff in blank. The foregoing demonstrated that plaintiff was the holder of the note at all relevant times and, the mortgage passing with that holder status, the burden shifted to defendants to raise a material question of fact as to their standing defense (see Bank of N.Y. Mellon v Cronin, 151 AD3d at 1506; Citibank, NA v Abrams, 144 AD3d 1212, 1215 [2016]).
 

 Defendants argue that there was no competent proof that plaintiff possessed the note and allonges, which overlooks the affirmation of counsel for plaintiff that his firm was in possession of those documents, as plaintiff’s agent, from the time of commencement onward (see Bank of N.Y. Mellon v Rutkowski, 148 AD3d at 1342). The default service officer confirmed counsel’s account. Contrary to defendants’ contention, the default service officer was entitled to rely on records maintained by plaintiff’s servicer in the regular course of its business to chart the history of the note and allonges and specify the location of those documents (see CPLR 4518 [a]; Citibank, NA v Abrams, 144 AD3d at 1216; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]). Moreover, the speculation by defendants’ counsel that one or more of the allonges transferring the note were executed by individuals without authority to do so did not create a material question of fact (see CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074 [2016]; Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400-1401 [2015]). Thus, Supreme Court properly awarded summary judgment in favor of plaintiff (see Bank of N.Y. Mellon v Rutkowski, 148 AD3d at 1342-1343; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739-740).
 

 Egan Jr., J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the amended order is affirmed, with costs.