McCormack v Maloney (2018 NY Slip Op 02385)





McCormack v Maloney


2018 NY Slip Op 02385


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524930

[*1]DONALD H. McCORMACK, Respondent,
v
KEVIN P. MALONEY, Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ.


Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for appellant.
McCarthy Law Firm, Keene Valley (Noreen E. McCarthy of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Essex County (Ryan, J.), entered November 30, 2016, upon a decision of the court in favor of plaintiff.
In February 2005, defendant executed a note in favor of Trustees Capital, LLC that was secured by a mortgage on real property located in the Town of North Elba, Essex County. Plaintiff claims to have purchased the note and mortgage in September 2006 and, in June 2010, he commenced this action to foreclose on the mortgage. Defendant served an answer with counterclaims in which he admitted executing the note and mortgage in favor of Trustees Capital but denied delivery thereof, alleging that the instruments were to be held in escrow pending a condition that did not occur. The answer also asserted
several affirmative defenses, including lack of standing and lack of consideration. Following unsuccessful motions for summary judgment, a nonjury trial was held on the various issues in August 2015. At the conclusion of plaintiff's case, defendant moved for a directed verdict based on, among other grounds, lack of standing. County Court (Meyer, J.) denied the motion and, following the completion of trial, defendant renewed his motion. Insofar as is relevant here, defendant again argued that plaintiff failed to establish his standing to maintain this action given the absence of any proof that he was the holder or assignee of the subject note at the time that the action was commenced. Before a decision was rendered on the motion, County Court recused itself, and the parties thereafter agreed to waive their rights under Judiciary Law § 21 and to have this matter decided, based on the trial record, by a judge who did not preside over the trial. In November 2016, after reviewing the trial transcript, County Court (Ryan, J.) issued an order finding in plaintiff's favor and dismissing defendant's answer. This appeal by defendant ensued.
Defendant argues, and we agree, that the complaint should have been dismissed for lack of standing. Because defendant raised the issue of standing as an affirmative defense in his answer, plaintiff had to prove his standing to maintain this foreclosure action in order to be entitled to relief (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]; HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1315 [2017], lv dismissed 29 NY3d 1040 [2017]; Citibank, NA v Abrams, 144 AD3d 1212, 1214 [2016]). To establish standing, plaintiff was required "to demonstrate that, at the time that the action was commenced, [he] was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (U.S. Bank Trust, N.A. v Varian, 156 AD3d 1255, 1256 [2017] [internal quotation marks and citation omitted]; see Green Tree Servicing LLC v Bormann, 157 AD3d 1109, 1111 [2018]; Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1076 [2017]). As the issue of standing was resolved following a nonjury trial, we will "independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record" (Frontier Ins. Co. v Merritt & McKenzie, Inc., ___ AD3d ___, ___, 2018 NY Slip Op 01517, *3 [2018] [internal quotation marks, brackets and citations omitted]; see HSBC Bank USA, N.A. v Corazzini, 148 AD3d at 1315; Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1295 [2014], lv denied 24 NY3d 905 [2014]).
At trial, plaintiff testified that he purchased the note and mortgage from Trustees Capital in September 2006, and a written assignment effectuating the transfer of both such instruments to plaintiff was admitted into evidence. The testimonial and documentary evidence adduced at trial further established, however, that plaintiff subsequently assigned both the note and mortgage to his then-bankruptcy attorney in March 2008 as partial payment for legal services, and there is not a scintilla of proof in the record that the note was reassigned to plaintiff prior to the commencement of this foreclosure action in June 2010. Nor did the trial evidence establish that plaintiff was the holder of the original note at the time that he commenced this action. "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015] [citations omitted]; see UCC 1-201 [b] [21]; 3-202, 3-204; Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 159 [1989]; U.S. Bank N.A. v Brody, 156 AD3d 839, 840 [2017]). While there was testimony that plaintiff possessed the original note at the time of trial in 2015, there was no proof that he was in possession of the original note when he commenced this foreclosure action five years earlier. Even if he was, the note — which was payable to Trustees Capital — was neither indorsed in blank nor specially indorsed to him. Consequently, plaintiff's physical possession of the note could not render him the lawful holder thereof for purposes of enforcing it (compare Citibank, NA v Abrams, 144 AD3d at 1215; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376-1377; cf. U.S. Bank Trust, N.A. v Varian, 156 AD3d at 1256-1257). Inasmuch as plaintiff failed to prove his standing to bring this action (see Citibank, N.A. v Herman, 125 AD3d 587, 589 [2015]; Emigrant Sav. Bank-Brooklyn/Queens v Doliscar, 124 AD3d 831, 832-833 [2015]; MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 747 [2014]; HSBC Bank USA v Hernandez, 92 AD3d 843, 844 [2012]; compare HSBC Bank USA, N.A. v Corazzini, 148 AD3d at 1315-1316), defendant was entitled to dismissal of the complaint. In light of our determination, defendant's remaining contentions have been rendered academic.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and complaint dismissed.