U.S. Bank Natl. Assn. v Shaughnessy (2019 NY Slip Op 09340)





U.S. Bank Natl. Assn. v Shaughnessy


2019 NY Slip Op 09340


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527803

[*1]U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-Efc5, Respondent,
v
Janice M. Shaughnessy, Appellant, et al., Defendants.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Sandra Poland Demars, Albany, for appellant.
Locke Lord, LLC, New York City (Robert H. King of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered October 1, 2018 in Warren County, which granted plaintiff's motion for, among other things, summary judgment.
In August 2005, defendant Janice M. Shaughnessy (hereinafter defendant) executed a promissory note in the amount of $154,760 in favor of EquiFirst Corporation. The note was secured by a mortgage executed in favor of Mortgage Electronic Recording System, Inc. on certain real property located in Warren County. Defendant first defaulted on the loan in April 2008, and, in October 2011, plaintiff commenced this mortgage foreclosure action. Defendant thereafter interposed an answer, in which she raised the issue of standing.
In 2017, plaintiff moved for summary judgment, primarily relying on an affidavit from Sony Prudent, a loan analyst with the loan servicing agent, to establish that it had possessed the original note since October 2005 and, therefore, had standing. Supreme Court denied the motion, without prejudice, finding that Prudent's affidavit was insufficient to establish, prima facie, that plaintiff possessed the note at the time that the action was commenced. The court found that plaintiff's submissions raised triable issues of fact, specifically noting that the copy of the note that plaintiff had attached to the complaint contained only one undated endorsement in blank, while the copy of the note attached to Prudent's affidavit contained two undated endorsements — one by EquiFirst Corporation to Residential Funding Corporation and another by Residential Funding Corporation to plaintiff.[FN1]
In April 2018, plaintiff once again moved for summary judgment on the complaint and for the appointment of a referee to compute the amount due. Plaintiff also sought to strike defendant's answer and to amend the caption to, as relevant here, correct its name. In support of its motion, plaintiff relied on the affidavit of Sheila King, a senior loan analyst for the loan servicing agent, who attached a copy of the note containing the same undated endorsements that were reflected in the copy of the note attached to Prudent's affidavit. Supreme Court granted the motion in its entirety. With respect to its determination that plaintiff was entitled to summary judgment on the complaint, although it found that King's affidavit was insufficient to establish delivery and possession of the note, the court reasoned that plaintiff had established standing, prima facie, by alleging in the complaint that it is the holder of the note and attaching a copy of the note thereto, and that defendant had failed to raise a triable issue of fact in opposition. Defendant appeals.
Initially, defendant asserts that Supreme Court should not have even considered plaintiff's second motion for summary judgment. We disagree. Supreme Court denied the first motion without prejudice and the particular deficiencies identified by the court in connection with the first motion were such that they could have been explained or corrected in a subsequent motion. Thus, although successive summary judgment motions are ordinarily disfavored, we discern no abuse of discretion in Supreme Court's determination to entertain plaintiff's second motion for summary judgment (see Landmark Capital Invs., Inc. v Li-Shan Wang, 94 AD3d 418, 419 [2012]; Town of Angelica v Smith, 89 AD3d 1547, 1549 [2011]; Varsity Tr. v Board of Educ. of City of N.Y., 300 AD2d 38, 39 [2002]).
We also reject defendant's assertion that Supreme Court erred in granting plaintiff leave to amend its name in the caption from "U.S. Bank National Association as Trustee" to "U.S. Bank National Association as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EFC5." Pursuant to CPLR 2001, a court may, at any stage of an action, "permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just" (see Dinstber v Allstate Ins. Co., 96 AD3d 1198, 1199 [2012]). Here, despite omitting the name of the trust, the original caption did identify plaintiff as a trustee. Moreover, the complaint provided defendant with actual notice of the name of the trust on whose behalf plaintiff was acting, inasmuch as it referenced and attached a copy of the assignment of mortgage to plaintiff, wherein plaintiff was identified as "U.S. Bank National Association as Trustee for RAMP 2005EFC." Under the circumstances, including the absence of any demonstrated prejudice to defendant, we discern no error in Supreme Court's determination to allow an amendment to the caption to reflect plaintiff's correct name (see CPLR 2001; see generally Ivory Dev., LLC v Roe, 135 AD3d 1216, 1221-1222 [2016]).
Turning to the merits, plaintiff established its prima facie entitlement to summary judgment by submitting the mortgage, a copy of the unpaid note (containing an undated endorsement to plaintiff),[FN2] the relevant assignments of mortgage and evidence of defendant's default (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1076 [2017], lv dismissed 33 NY3d 1128 [2019]; Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1506 [2017], lv dismissed 31 NY3d 1061 [2018]). Given that defendant challenged plaintiff's standing to maintain this action, plaintiff had the additional burden of demonstrating that, at the time of commencement, it was the holder or assignee of the mortgage and the underlying note (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1157-1158 [2017]; JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [2017]). Written assignment of the underlying note or physical delivery of the note sometime prior to the commencement of the action is sufficient to transfer the obligation (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1341 [2017]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). "[T]he note . . . is the dispositive instrument that conveys standing to foreclose," as the mortgage passes with the transfer of the note as an inseparable incident (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; see Bank of N.Y. Mellon v Rutkowski, 148 AD3d at 1341).
Here, plaintiff failed to meet its heightened burden of establishing that it had standing to commence this action. Plaintiff's submissions established that defendant executed the subject note in favor of EquiFirst Corporation on August 30, 2005. King asserted in her affidavit that, based upon her review of the loan servicing agent's business records, the note was "transferred" to plaintiff roughly two months later, "on or before October 3, 2005." King did not, however, provide any detail in her affidavit as to whether the note was "transferred" by written assignment or physical delivery or state that plaintiff was the holder or assignee of the note at the time that the action was commenced (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1172-1173 [2019]; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]). Plaintiff asserted in its 2011 complaint that it was the "holder" of the note and attached to the complaint a copy of the note containing an undated endorsement in blank from EquiFirst Corporation. However, plaintiff's status as the holder of the note at the time of commencement was called into question by its attachment of a different version of the note to King's affidavit. That copy of the note contained an undated endorsement from EquiFirst Corporation to Residential Funding Corporation and a second undated endorsement from Residential Funding Corporation to plaintiff, thereby raising questions as to when and how plaintiff became the holder of the note. These questions of fact were further bolstered by a July 2008 assignment of mortgage from Mortgage Electronic Recording System, Inc. to Residential Funding Corp. and a March 2009 assignment of mortgage from Residential Funding Corp. to plaintiff (both of which were attached to King's affidavit), particularly in light of plaintiff's assertion that it was in possession of the note in 2005. Inasmuch as a question of fact persisted as to whether plaintiff was the holder or assignee of the note in October 2011, when this action was commenced, Supreme Court erred in granting plaintiff summary judgment on the complaint (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1172-1173; Bank of Am., N.A. v Kyle, 129 AD3d at 1169-1170; compare JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d at 1200; JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270-1271 [2017]).
Garry, P.J., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiff's motion as sought summary judgment on the complaint, the appointment of a referee and to strike defendant's answer; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court further held that plaintiff failed to establish the admissibility of the records relied upon by Prudent as business records because he failed to aver that he was personally familiar with plaintiff's record-keeping practices.

Footnote 2: Plaintiff's counsel asserts that, on January 10, 2018, plaintiff produced the original, wet-ink note for defendant's inspection. It is unclear whether Supreme Court was present for plaintiff's production of the original note.