Select Portfolio Servicing, Inc v Polyak (2025 NY Slip Op 50658(U))

[*1]

Select Portfolio Servicing, Inc v Polyak

2025 NY Slip Op 50658(U)

Decided on March 24, 2025

Supreme Court, Albany County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
Supreme Court, Albany County

Select Portfolio Servicing, Inc, Plaintiff,

against
Laszlo Polyak, III AS ADMINISTRATOR AND AS HEIR AND DISTRIBUTEE OF THE ESTATE OF LASZLO POLYAK A/K/A LASZLO POLYAK, JR.; NIKITA POLYAK, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF LASZLO POLYAK A/K/A LASZLO POLYAK, Ill; JEAN POLYAK, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF LASZLO POLYAK A/K/A LASZLO POLYAK, JR.; HEIRS AND DISTRIBUTEES OF THE ESTATE OF LASZLO POLYAK A/K/A LASZLO POLYAK, JR.; PORTFOLIO RECOVERY ASSOCIATES, LLC; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; UNITED STATES OF AMERICA, "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 903569-24

Eckert Seamans Cherin & Mellott, LLC 
By: Stephen G. Kennedy, Esq. 
Attorneys for Plaintiff
10 Bank Street, Suite 700 
White Plains, New York 10606 
Brendan F. Baynes, Esq. 
The Baynes Law Firm PLLC 
Attorney for Defendant Laszlo Polyak, III
as Administrator and as Heir and Distributee 
of The Estate of Laszlo Polyak a/k/a Laszlo Polyak, Jr.
14340 Route 9W 
PO Box 160 
Ravena, NY 12143

Peter A. Lynch, J.

INTRODUCTION
This is a mortgage foreclosure action, commenced April 10, 2024.[FN1]
On February 18, 2025, Plaintiff moved for summary judgment and appointment of a referee to compute; the motion was returnable March 10, 2025.[FN2]

Defendant Laszlo Polyak, III as Administrator of the Estate of Laszlo Polyak, Jr. opposed the motion, claiming Plaintiff lacked standing due to the failure to evidence it had possession of the Note.[FN3]
I disagree!
FACTS
On June 14, 2007, Laszlo Polyak, as Borrower, executed a promissory note in favor of U. S. Bank, N.A., as Lender, in the sum of $120,000.00 payable, with interest, in equal monthly payments over a thirty (30) year term commencing August 1, 2007, and ending July 1, 2037, (hereinafter the "Note"); the Note was endorsed in blank.[FN4]

The Note was annexed to the Complaint. Plaintiff received possession of the Note on March 24, 2024, i.e. prior to the commencement of the action.[FN5]

The Note was secured by a Mortgage against the premises known as 143 Main Street, Ravena, New York (hereinafter the "premises"), with the Mortgage signed by Laszlo Polyak.[FN6]

On April 19, 2023, the Lender assigned its interest to U.S. Bank National, which, in turn, assigned the Mortgage to Plaintiff on June 2, 2023.[FN7]

Monthly payments were paid through May 1, 2023, when payments stopped.[FN8]

VERIFIED ANSWER [FN9]

Defendant Laszlo Polyak, III as Administrator of the Estate of Laszlo Polyak, Jr. interposed an Answer consisting of general denials, and conclusory affirmative defenses, "personal jurisdiction is lacking as to necessary parties to this proceeding", lack of standing, and [*2]failure to comply with RPAPL 1306.
As to personal jurisdiction, defendant Polyak failed to identify any necessary parties not served and failed to raise this issue in response to the summary judgment motion.
On April 10, 2024, personal service was made on defendant Laszlo Polyak, III as Administrator of the Estate of Laszlo Polyak, Jr.[FN10]
Additional service by mail was made on April 12, 2024.[FN11]
On June 27, 2024, personal service was made on defendant Jean Polyak, with additional service via mail.[FN12]
On July 31, 2024, personal service was made on defendant Nikita Polyak, with additional service via mail.[FN13]
In fine, Plaintiff has established personal jurisdiction over all necessary defendants.
STANDING
As a preliminary matter, Plaintiff set forth a detailed factual basis to evidence it has possession of the original endorsed note, and the mortgage was assigned to it; accordingly, it has standing to commence this action (See Federal Natl. Mtge. Assn. v. Krell, 231 AD3d 1334 [3d Dept. 2024]; see also, U.S. Bank Trust, N.A. v. Greer, 223 AD3d 1128, 1129 [3d Dept. 2024], where the court determined plaintiff had standing, holding:
"We agree with Supreme Court that plaintiff established standing by producing evidence of the note along with proof of the mortgagor's default. Specifically, the affidavit of an assistant secretary for the mortgage loan servicer confirmed, based on her review of electronic records that were created and maintained in the regular course of her employer's business, that defendants defaulted on their obligations under the note and mortgage beginning in September 2013 and had not made any payments or attempted to cure such default. Additionally, she confirmed that plaintiff received physical possession of the original note in August 2017, which was prior to the commencement of the litigation in July 2019—a point corroborated by an affirmation from plaintiff's attorney, who averred that the note was endorsed in blank and attached to the complaint. Based upon this showing, the burden shifted to defendants to establish through competent and admissible evidence the existence of a material issue of fact. However, their opposition challenging plaintiff's possession of the note was insufficient because it was self-serving, conclusory and based upon speculation." (Emphasis added; citations omitted)
(See also, Ditech Fin. LLC v Levine, 176 AD3d 1521, 1522 [3d Dept. 2019]; Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126 [1st Dept. 2019]).
RPAPL § 1306
In ¶ 13 of the Answer, defendant claims, in conclusory form, Plaintiff failed to comply [*3]with RPAPL § 1306. Not quite!
RPAPL § 1306 (1) provides, inter alia:
"Each lender, assignee or mortgage loan servicer shall file with the superintendent of financial services (superintendent) within three business days of the mailing of the notice required by subdivision one of section thirteen hundred four of this article or subsection (f) of section 9-611 of the uniform commercial code the information required by subdivision two of this section. Notwithstanding any other provision of the laws of this state, this filing shall be made electronically as provided for in subdivision three of this section. Any complaint served in a proceeding initiated pursuant to this article shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section . . . "(Emphasis added)
On August 3, 2023, Plaintiff filed the required notice with the Superintendent of Financial Services.[FN14]
Plaintiff properly pled compliance with RPAPL § 1306 in the Complaint.[FN15]
The record supports a finding that Plaintiff complied with the notice mandate of RPAPL § 1306.
MOTION FOR SUMMARY JUDGMENT/DEFAULT JUDGMENT
Pursuant to CPLR Rule 3212, Plaintiff moved for summary judgment, striking the Answer and affirmative defenses, for a default judgment against the non-answering defendants, and appointing a Referee to compute in accord with RPAPL 1321.[FN16]

In Zuckerman v. New York, 49 NY2d 557, 562 [1980], where the Court held,
"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion, he, too, must make his showing by producing evidentiary proof in admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form." (Internal quotations and citations omitted; emphasis added).
Recognizing that summary judgment is a "drastic remedy" the "facts must be viewed in the light most favorable to the non-moving party (seeVega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]) (emphasis added). The Court's function is "not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact" (see S. J. [*4]Capelin Associates, Inc. v. Globe Mfg. Corp., 34 NY2d 338, 341 [1974]); see also illman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957] where the Court held, "issue-finding, rather than issue-determination, is the key to the procedure" (emphasis added).
In Matter of Martirano, 172 AD3d 1610, 1612 [3d Dept. 2019], the Court recognized the movant's initial burden of proof, holding,
On a motion for summary judgment, the movant has the initial burden to establish its prima facie entitlement to summary judgment as a matter of law by submitting evidentiary proof in admissible form, demonstrating the absence of any material issues of fact. Only when a prima facie showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a triable issue of fact." (Citations omitted; emphasis added)
In JP Morgan Chase Bank, Natl. v. Verderose, 154 AD3d 1198, 199 [3d Dept.2017], the Court held,
"A plaintiff establishes its entitlement to summary judgment in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of default in payments."
Here, the record evidences the existence of a note, a mortgage, assignment to Plaintiff, and breach by defendant due to the failure to make payments thereunder since May 1, 2023. As more fully set forth above, the defenses raised in the answer are conclusory, belied by the record, and have no merit. Accordingly, Plaintiff has met its burden to establish its prima facie entitlement to summary judgment as a matter of law. In turn. defendant failed to demonstrate the existence of any triable issue of fact.
As to the defaulting defendants, Nikita Polyak, Jean Polyak, Portfolio Recovery Associates, LLC; and New York State Department of Taxation and Finance and the United States of America, plaintiff provided proof of service and additional service of the notices required by CPLR 3215 (g).[FN17]
Upon same defendant's default, they are deemed to have admitted all the allegations in the verified complaint (see Cartessa Aesthetics, LLC v. Demko, 217 AD3d 821, 822 [2d Dept. 2023]).
CPLR§ 3215 (a) and (b) provide, inter alia:
(a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him . . . . (b) Procedure before court. The court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference. The party entitled to judgment may be permitted to submit, in addition to the proof required by subdivision (f) of this section, properly executed affidavits or affirmations as proof of damages, provided that if the defaulting party gives reasonable notice that it will appear at the inquest, the party seeking damages may submit any such proof by oral testimony of the witnesses in open court or, after giving reasonable notice that it will do so, by written sworn statements of [*5]the witnesses, but shall make all such witnesses available for cross-examination. When a reference is directed, the court may direct that the report be returned to it for further action or, except where otherwise prescribed by law, that judgment be entered by the clerk in accordance with the report without any further application. Except in a matrimonial action, no finding of fact in writing shall be necessary to the entry of a judgment on default. The judgment shall not exceed in amount or differ in type from that demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305 of this chapter. (Emphasis added)
Here, it is manifest that defendant is in default, and a reference is authorized.
CONCLUSION
For the reasons more fully stated above, Plaintiffs motion for summary judgment is Granted in all respects; and it is further,
ORDERED, that Defendant Laszlo Polyak, III as Administrator and as Heir and Distributee of The Estate of Laszlo Polyak a/k/a Laszlo Polyak, Jr.'s Answer and affirmative defenses are hereby stricken and dismissed; and it is further,
ORDERED, that Plaintiff have a default judgment against Defendants Nikita Polyak, as heir and distributee of the estate of Laszlo Polyak a/k/a Laszlo Polyak, Jr.; Jean Polyak, as heir and distributee of the estate of Laszlo Polyak a/k/a Laszlo Polyak, Jr.; Heirs and distributees of the estate of Laszlo Polyak a/k/a Laszlo Polyak, Jr.; Portfolio Recovery Associates, LLC; New York State Department of Taxation and Finance; United States of America; and the "John Doe" defendants; all non-appearing Defendants pursuant to CPLR 3215; and it is further,
ORDERED, that this action is hereby referred to F. Patrick Jeffers, Esq. with an office at 8 Howansky Drive, Watervliet, New York 12189-2414 and a telephone number (518) 391-8159 and e-mail PJEFFER1&commat;NYCAP.RR.COM, and he is hereby appointed Referee to ascertain and compute the amount due to plaintiff for principal, interest, and other disbursements advanced as provided for in the Note and Mortgage upon which this action was brought to foreclose, and to examine and report whether or not the mortgaged premises can be sold in one parcel and that the Referee make his/her report to the Court with all convenient speed; and it is further,
ORDERED, that pursuant to CPLR § 8003(a), the statutory fee of $350.00, and in the discretion of the court, a fee of $ 150.00, a total of $500.00, shall be paid to the Referee for the computation of the amount due and upon the filing of his/her report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR § 8003(a): and it is further,
ORDERED, that Referee has the discretion to conduct a hearing pursuant to RPAPL 1321; and it is further,
ORDERED, that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the chief Judge (22 N.Y.C.R.R. Part 36), including, but not limited to section 36.2c ("Disqualifications from appointment"), and section 36.2d ("Limitations on appointments based upon compensation"); and it is further,
ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.
This memorandum constitutes both the decision, order and judgment of the Court.[FN18]

Dated: March 24, 2025
Albany, New York
PETER A. LYNCH, J.S.C.
PAPERS CONSIDERED: all e-filed papers.
NYSCEF Doc. Nos. 1 to 51.

Footnotes

Footnote 1:NYSCEF Doc. No. 1.

Footnote 2:NYSCEF Doc. No. 40.

Footnote 3:NYSCEF Doc. No. 49.

Footnote 4:NYSCEF Doc. No. 2 — Note.

Footnote 5:NYSCEF Doc. No. 38 — May Affidavit ¶ 9 and Exhibit "5" thereof.

Footnote 6:NYSCEF Doc. No. 3 — Mortgage.

Footnote 7:NYSCEF Doc. No. 38 — May Affidavit ¶ 7-8.

Footnote 8:NYSCEF Doc. No. 38 — May Affidavit ¶ 10.

Footnote 9:NYSCEF Doc. No. 21 - Answer. 

Footnote 10:NYSCEF Doc. No. 11. 

Footnote 11:NYSCEF Doc. No. 8.

Footnote 12:NYSCEF Doc. No. 22 and 23.

Footnote 13:NYSCEF Doc. No. 28 and 29.

Footnote 14:NYSCEF Doc. No. 38 — May Affidavit ¶ 15 and Exhibit "10" thereof.

Footnote 15:NYSCEF Doc. No. 1 — Complaint ¶ 9.

Footnote 16:NYSCEF Doc. No. 40.

Footnote 17:NYSCEF Doc. Nos. 9, 10, 20, 22, 23, 28, and 29.

Footnote 18:Plaintiff is required to comply with the Notice and Entry requirements of CPLR R 2220.