Matter of Ally Fin. Inc. v All County Towing (2019 NY Slip Op 05601)





Matter of Ally Fin. Inc. v All County Towing


2019 NY Slip Op 05601


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526051

[*1]In the Matter of ALLY FINANCIAL INC., Respondent,
v
ALL COUNTY TOWING, Appellant, et al., Respondent.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Ally Financial Inc., respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered September 27, 2017 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
On April 22, 2017, respondent All County Towing (hereinafter respondent) towed a vehicle to its facility at the direction of the Village of Freeport Police Department. Petitioner, a lienholder, was advised that the vehicle had been impounded and was in respondent's possession, that the storage fees were accruing at a rate of $50 per day and that the vehicle would be released "upon full payment of all charges accrued." On May 4, 2017, petitioner's representative sought to recover the vehicle, but respondent refused to surrender it until petitioner provided a police release and a hold-harmless agreement.
Petitioner then commenced this special proceeding, seeking to, among other things, declare null and void the garagekeeper's lien claimed by respondent. Respondent released the vehicle to petitioner on July 20, 2017. Soon thereafter, respondent answered and asserted, as an affirmative defense, that it had fully complied with the requirements set forth in the Lien Law and that it was entitled to a lien in the amount of $8,089.08. Supreme Court granted the petition in part and declared the lien for storage void but for $416, attributable to towing and storage fees through May 4, 2017, and applicable taxes. Supreme Court further found that the $50 per day storage rate was unjustified and reduced it to $27 per day. Respondent appeals.
We affirm. Initially, although arguments may not be raised for the first time in a reply affirmation, petitioner's pleading sufficiently alleged that it "demanded the release of [the] vehicle" and that respondent made the release contingent upon improper demands (see CPLR [*2]402, 3013; Matter of Santander Consumer USA, Inc. v All County Towing, 171 AD3d 1258, 1259 [2019]; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1424-1425 [2018]).
Turning to the merits, Supreme Court properly concluded that respondent's lien for the storage fees and administrative fee after May 4, 2017 was invalid. Petitioner proffered evidence that, through its representative, it sought to redeem the subject vehicle on May 4, 2017 and that, notwithstanding its efforts, respondent refused to release the vehicle absent police authorization and a hold-harmless agreement [FN1]. For the reasons stated in our earlier decisions, respondent had no authority to make those demands and retain the vehicle beyond that date (see Matter of Vaul Trust v All County Towing & Recovery, 171 AD3d 1336, 1337 [2019]; Matter of Santander Consumer USA, Inc. v All County Towing, 171 AD3d at 1259; Matter of HVT, Inc. v All County Towing & Recovery, 166 AD3d 1441, 1442 [2018], lv denied ___ NY3d ___ [June 27, 2019]; Matter of Ally Fin., Inc. v All County Towing & Recovery, 166 AD3d 1442, 1444 [2018], lv denied ___ NY3d ___ [June 27, 2019]). We lastly find no reason to disturb Supreme Court's decision to reduce the storage fee to $27 per day (see Matter of Vaul Trust v All County Towing & Recovery, 171 AD3d at 1337; Matter of Ally Fin., Inc. v All County Towing & Recovery, 166 AD3d at 1444).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.



Footnotes

Footnote 1: We reject respondent's argument that an affidavit from a representative of petitioner was based on inadmissible hearsay and improperly considered (see CPLR 4518 [a]; Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 115 n 2 [2018]; U.S. Bank Trust, N.A. v Varian, 156 AD3d 1255, 1257 [2017]).